dotloop signature verification: dtlp.us/zfLU-QE4m-fhya

dotloop signature verification: dtlp.us/kAoT-Yb9r-7C7j



# PURCHASE AGREEMENT



This contract constitutes the sole agreement between the parties hereto and any modifications of this contract shall be signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto. If you have any questions, seek legal and/or tax advice. Buyers and Sellers agree not to discriminate based on race, color, religion, sex, national origin, handicap or familial status.

## AGENCY DISCLOSURE:

The Listing Company **IXL Real Estate, LLC** is:
(Two blocks may be checked)
☑ An agent of the Seller.
☐ An agent of the Buyer.
☐ An agent of both the Seller and the Buyer and is acting as a limited consensual dual agent.
☐ Assisting the ___ Buyer ___ Seller as a transaction broker.

**SELLER(S) INITIALS** _A. L. M_

The Selling Company **Shrader Realty Group, LLC** is:
(Two blocks may be checked)
☐ An agent of the Seller.
☐ An agent of the Buyer.
☐ An agent of both the Seller and the Buyer and is acting as a limited consensual dual agent.
☑ Assisting the ☑ Buyer _____ r as a transaction broker.

**BUYER(S) INITIALS** _HE_
07/21/22
5:21 PM CDT
dotloop verified

## BUYER'S OFFER

DATE _07/22/2022_

**1(A).** The undersigned, hereinafter called the Buyer, hereby offers to buy the Property described below, subject to any existing building and use restrictions, previous mineral exclusions and zoning ordinances and easements, if any:

Address: **10164 Jim Tom Circle South** . City: **Wilmer** , Alabama, Zip **AL 36587**

Legal Description: **Lot 27 of resub of lots 25 through 30 of Lott rd acs mbk 20 p 114 #sec 21 t2s r3w #mp17 05 21 0 000**

Purchase Price: **One hundred fifty five thousand dollars and zero cents** ($ **155,000** ) Dollars.

**SALE TO BE CLOSED** within **3** days after all necessary documents are ready, no sooner than **08/22/2022** .

nor later than **09/3/2022** . TITLE TO BE TAKEN IN THE NAME(S) of:

**Haydon Eiland**
☐ WITH ☑ WITHOUT

Right of Survivorship. A FURTHER PERIOD OF 5 CALENDAR DAYS shall be allowed for closing if: (A) the closing is delayed by reason of title defects which can be readily corrected, or (B) the terms of purchase require a new mortgage, and the Lender issues an unconditional written commitment prior to the date of closing, but is delayed in consummating the mortgage. If the last date for closing is a Saturday, Sunday or legal holiday, then the sale shall be closed no later than the next day that is not Saturday, Sunday or a legal holiday.

**(B).** **POSSESSION TO BE GIVEN AT CLOSING.** Seller shall leave the Property in a reasonably clean condition and shall remove all personal property and debris from the interior and exterior of the premises, including the attic, storage areas and detached buildings.

**(C).** **EFFECTIVE DATE AND TIME PERIODS:** The Effective Date of this agreement shall be the date Buyer and Seller have a written agreement signed by BOTH the Buyer and Seller subject only to contingencies. Except as otherwise provided in this agreement, in counting the number of days from the Effective Date or commencement date of any other time period in this agreement, the first day to be counted will be the first calendar day after the Effective Date or other commencement date and the last calendar day of the time period will be included.

**2(A).** **THE TERMS OF THE PURCHASE SHALL BE AS MARKED BELOW, UNMARKED TERMS DO NOT APPLY.**

i. ☐ **CASH** The purchase price upon execution and delivery of a full Warranty Deed by the Seller. The Buyer shall pay closing fee and recording fee. This agreement ☐ **IS** ☐ **IS NOT** contingent on the Property appraising for at least the purchase price. Any appraisal shall be paid for by the Buyer. Buyer shall notify Seller in writing that this contingency has not been satisfied and shall provide Seller with a copy of the appraisal within_____ calendar days (if left blank, the time period is 10 calendar days) from the Effective Date, or this contingency shall be deemed to be removed at the expiration of said time period. Buyer will provide Seller with proof of available funds within 5 calendar days from the Effective Date, or this agreement shall be voidable at the sole option of the Seller.

ii. ☑ **FINANCING** The full purchase price upon execution and delivery of a full Warranty Deed by the Seller contingent upon the Buyer obtaining a **30** Year ☐ Conventional ☐ FHA ☐ VA ☑ Other **USDA** loan in the amount of approximately **100** % of the purchase price PLUS ☐ **PMI**, ☐ **MIP**, ☐ **VA FUNDING FEE**, ☑ **CLOSING COST**

**SELLER(S) INITIALS** _A. S. m_

**BUYER(S) INITIALS** _HE_
07/21/22
dotloop verified

Purchase Agreement Page 1 of 6

© 2019 Mobile Area Association of Realtors 091619

dotloop signature verification: dtlp.us/kAoT-Yb9r-7C7j

AT AN INTEREST RATE NOT TO EXCEED[6]_____ % if not locked in at the time of application. Buyer shall provide Seller with written confirmation from Buyer's Lender, acceptable to Seller, that Buyer has formally submitted a loan application AND satisfies guidelines for approval of a loan as per the above terms within _____ calendar days (if left blank, the time period is 10 calendar days) after the Effective Date or this agreement shall be voidable at the sole option of Seller.

This agreement is contingent upon the Property appraising for at least the purchase price. If the Property does not appraise for the purchase price, Buyer, upon giving Seller written notice and providing Seller with a copy of the appraisal within 20_____ calendar days (if left blank, the time period is 20 days) of the Effective Date may cancel the agreement unless Seller agrees to sell the Property for the appraised value with all other terms of this agreement remaining the same. The appraisal shall be at Buyer's expense.

Seller is to make repairs or replacements required by Lender not to exceed $500_____ in addition to any repairs or replacements that may be necessary pursuant to paragraphs 7 and 11. If Seller declines to pay for said Lender required repairs or replacements, Buyer may cancel this agreement.

Buyer shall notify Seller of any change in financing type or any other material factor which could affect Buyer's ability to perform on the agreement. No terms of this financing contingency can be changed without written authorization of Seller.

iii. . ☐ **VENDOR'S LIEN DEED (See attached Vendor's Lien addendum)**

iv. ☐ **OTHER FUNDING SOURCES (See "Other Provisions" or attached addendum)**

v. The Property ☐ **IS** ☑ **IS NOT** part of Fairhope Single Tax Corporation. If Property is located in Fairhope Single Tax Corporation, Buyer and Seller agree to comply with the requirements of Fairhope Single Tax Corporation as per **https://www.fairhopesingletax.com** and a Bill of Sale will be provided in lieu of a Warranty Deed.

**(B).** **A NEW SURVEY IN BUYER'S NAME:** This agreement ☐ **IS** ☑ **IS NOT** contingent upon Buyer obtaining a new survey in Buyers name, at Buyer's expense that is satisfactory to Buyer. If this contingency applies, Buyer shall notify Seller in writing within _____ calendar days (if left blank, the time period is 20 calendar days) from the Effective Date that said survey is unsatisfactory and provide Seller with a copy of the survey, or this contingency shall be deemed to be removed at the expiration of said time period.

☑ Buyer has been given the opportunity to get a new survey and hereby declines. [HE 07/21/22 9:21 PM CDT dotloop verified] _____ BUYER(S) INITIALS

**(C).** **CLOSING COSTS:** Buyer shall pay ALL closing costs, prepaid expenses, funding fees and recording fees that are ordinarily paid by Buyer and associated with the type of financing selected above. Buyer also shall pay any discount points and all fees, costs, bonuses and/or any other type of expense charged to Buyer by the Selling Company. In the case of FHA or VA financing, Seller will pay all costs which FHA/VA rules prohibit Buyer from paying.

☑ Seller will pay up to $0_____, of Buyer's Lender approved closing costs, prepaid expenses, funding fees, recording fees and, if applicable, costs pursuant to paragraphs 2(B), 6 and/or 11. Said payment is in addition to paying all FHA/VA costs which Buyer is prohibited from paying per FHA/VA rules. Seller will not pay any other costs of Buyer, including but not limited to discount points and any fees, costs, bonuses and/or any other type of expense charged to Buyer by the Selling Company.

**3. SELLER'S DISCLOSURE STATEMENT: (Initial one of the following):**

_____ Buyer acknowledges receipt of "Seller's Disclosure Statement".

[HE 07/21/22 9:21 PM CDT dotloop verified] _____ This agreement is contingent upon Buyer's receipt of "Seller's Disclosure Statement" completed and signed by Seller within 3 days of Effective Date.

_____ Buyer waives a "Seller's Disclosure Statement" being provided.

**4. EARNEST MONEY** shall be $500_____ in the form of cashier's check_____.

Select one of the following:

i. ☐ Earnest money is in Selling Company's possession.
ii. ☐ Earnest money shall be delivered to Selling Company by Buyer within _____ days from the Effective Date.
iii. ☑ Other: Earnest money to be held by Reli Title Company and delivered within 3 days of effective date.

SELLER(S) INITIALS *A. L. M*_____     BUYER(S) INITIALS [HE 07/21/22 dotloop verified]_____

dotloop signature verification: dtlp.us/kAoT-Yb8r-7C7j

The earnest money will be deposited by the Selling Company in an escrow account within 4 calendar days of the Effective Date, unless the earnest money is being delivered pursuant to 4(ii) above in which event the earnest money shall be deposited within 4 calendar days after Selling Company receives the earnest money. Earnest money in the form of cash will be deposited immediately. Earnest money will be applied against the purchase price at closing. Upon there being a written agreement signed by both Buyer and Seller, if for any reason the purchase does not close or there is a disagreement involving to whom the earnest money should be disbursed, BOTH Buyer and Seller must sign a mutual release/agreement pertaining to the disbursement of the earnest money before the earnest money can be disbursed to either the Buyer or Seller. If said mutual release/agreement signed by Buyer and Seller cannot be obtained, the Company holding the earnest money may file an interpleader lawsuit regarding the earnest money. All fees and costs related to said interpleader lawsuit, including but not limited to filing fees and said Company's attorney's fees and costs, shall be deducted from the earnest money by the Court and paid to said Company. If the earnest money is not adequate to pay said fees and costs, Seller and Buyer shall be jointly and severally responsible for all fees and costs in excess of the earnest money amount. In the event of a default, the non-defaulting party may pursue all available remedies against the defaulting party.

**5. HOMEOWNERS AND/OR FLOOD INSURANCE:** This agreement ☑ **IS** ☐ **IS NOT** contingent upon Buyer's ability to obtain a commitment for homeowners and/or flood insurance at a price and terms acceptable to Buyer and Buyer's Lender. Buyer shall notify Seller in writing within 10 calendar days (if left blank, the time period is 10 calendar days) of the Effective Date that Buyer was unable to satisfy this contingency and provide Seller with written confirmation from an insurance agent or company satisfactory to Seller that Buyer was unable to obtain said insurance, or this contingency shall be deemed to be removed upon the expiration of said time period. If flood insurance is transferred to the Buyer, any Seller-paid premium will be prorated to the date of closing and credited to the Seller, and Seller will provide elevation certificate, if available.

**6. A HOME WARRANTY** subject to limitations, exclusions and deductibles ☑ **SHALL** ☐ **SHALL NOT** be provided at a cost not to exceed $~~600~~ 800. If provided, Home Warranty shall be ordered by the Selling Company through _____ (Warranty Co.) at the expense of Buyer.

☐ Buyer has been given the opportunity to obtain said Home Warranty and hereby declines. _____ _____ BUYER(S) INITIALS

**7. PROFESSIONAL INSPECTIONS:** Buyer is aware that professional inspections other than those in paragraph 11 may be made at Buyer's expense by a representative of Buyer's choosing of the structures, systems, surface and subsurface conditions and/or anything else that may be of importance to Buyer. This agreement ☑ **IS** ☐ **IS NOT** contingent on said inspections being performed and satisfactory to Buyer. If this agreement is contingent on said inspections, Buyer will pay for the inspections. Buyer shall notify Seller in writing within 10 calendar days (if left blank, the time period is 10 calendar days) of the Effective Date that said inspections were not satisfactory to Buyer and provide Seller with a copy of any written inspection report upon Seller's request or this contingency shall be deemed to be removed at the expiration of said time period. Seller is not obligated to pay for any repairs recommended by said inspections except as may be required by other provisions of this agreement.

☐ Buyer has been given the opportunity to have said professional inspections and hereby declines. _____ _____ BUYER(S) INITIALS

**8. "AS IS" CONDITION:** Buyer accepts the Property, including but not limited to equipment, systems and included appliances, in "AS IS" condition, and Seller does not warrant any condition of the Property, including but not limited to equipment, systems and included appliances, except as specifically stated in this agreement. Heating and cooling equipment, including any window units, plumbing and electrical systems and all included appliances shall be in "working order" at the time of conveyance. "Working order" means that said equipment, systems and appliances are functioning. It does not mean "like new". "Working order" is to be verified by Buyer, and, if necessary, remedied prior to Buyer's final walk through inspection. Seller shall not be required to clean or improve equipment, systems or appliances which are in working order. Buyer shall complete a final walk through inspection prior to closing and sign a final walk through form which, among other things, confirms that such inspection has been made, and that the Property, including but not limited to all equipment, systems, and appliances, is acceptable in "AS IS" condition unless otherwise specifically noted on the form.

**9. MATTERS AFFECTING USE OF PROPERTY:** Buyer shall be solely responsible for determining the applicability to the Property of all zoning, planning and other municipal laws, ordinances and regulations, school zones, flood zone designation, subdivision restrictions and regulations, restrictive covenants, deed restrictions, historic district regulations and Homeowner's Association requirements. Further, Buyer shall be solely responsible for determining that the Property is suitable for Buyer's intended use, including any development, alteration, or improvement of or construction on the Property.

**10. PROVIDING UTILITY AVAILABILITY,** if necessary, for any and all inspections and Buyer's final walk-through is the responsibility of the ☐ **BUYER** ☑ **SELLER.** If Seller, Seller shall cause all utilities to remain active in Seller's name until the business day following the date of closing to allow Buyer time to establish such accounts.

**SELLER(S) INITIALS** _A.L.m_    **BUYER(S) INITIALS** _HE_ 07/21/22 _____

Purchase Agreement Page 3 of 6

© 2019 Mobile Area Association of Realtors   091619

dotloop signature verification: dtlp.us/zfLU-QE4m-fhya

dotloop signature verification: dtlp.us/kAoT-Yb8r-7C7j

**11(A). ALABAMA WOOD INFESTATION REPORT:** This Agreement ☑ IS ☐ IS NOT contingent upon Buyer obtaining at Buyer's expense (unless Buyer is obtaining a type of loan which requires this to be a Seller's expense) an Alabama Wood Infestation Report ("WIR") from a licensed and insured termite control company of Buyer's choice stating that a VISUAL inspection of accessible areas of the dwelling and garage and/or carport and any detached buildings given value by an appraisal indicates that there is no visible sign of active infestation or damage by wood destroying insects or fungus.

☐ Buyer has been given the opportunity to obtain a WIR and hereby declines. _____ _____ BUYER(S) INITIALS

**(B).** If active infestation and/or fungus is reported, all structures shall be treated at Seller's expense unless the Property is under a termite contract, in which case a re-treatment of the affected area will be acceptable. If active or previous infestation and/or damage by wood destroying insects or fungus is reported, Buyer may order a structural inspection by a licensed contractor satisfactory to Buyer at Buyer's expense. If the results of either the WIR or the structural inspection are unsatisfactory to Buyer, Buyer shall notify Seller in writing within ____ days (if left blank, the time period is 20 calendar days) from the Effective Date and provide Seller with a copy of the WIR and structural inspection, or this contingency shall be deemed to be removed at the expiration of said time period.

If any repairs are required by such structural inspection, Buyer shall provide a copy of the structural inspection report to Seller immediately. The cost of said repairs shall be paid by the Seller. Estimates for the cost of said repairs may be obtained by either the Buyer or Seller, or both. If the cost or the extent of the repairs and/or treatment is not acceptable to the Seller, then Seller may terminate this Agreement by notifying the Buyer in writing within ____ days (if left blank, the time period is 10 calendar days) from Seller's receipt of the structural inspection, or this contingency shall be deemed to be removed at the expiration of said time period.

It is the sole responsibility of the Buyer to obtain, at Buyer's expense, a termite/wood infestation contract for the re-treatment and/or repair of damage caused by wood destroying insects or fungus from a company of Buyer's choice with coverage satisfactory to Buyer.

☐ Buyer has been given the opportunity to obtain a termite/wood infestation contract and hereby declines
_____ _____ BUYER(S) INITIALS

**12. ALL IMPROVEMENTS AND APPURTENANCES** are included in the purchase price, including if now in or on the Property, the following: lighting fixtures and their shades, ceiling fans, bathroom mirrors, drapery hardware and curtain hardware, window shades and blinds, window and door screens, stationary laundry tubs, water heater, smoke detectors, carbon monoxide detectors, thermostats, security systems, including video security systems and doorbells, TV antenna, satellite dish, mailbox, remote control garage door opener(s), water pump and pressure tank, pool equipment, built-in kitchen appliances including garbage disposal, central vac attachments, gas logs and related equipment, attached gas grill, awnings, all plantings, and heating and air conditioning equipment including any window units. Seller shall provide login information for any systems and/or equipment requiring login for setup and operation. Unless specifically set forth herein, affixed televisions will not remain with the Property, but universal mounting hardware shall remain, or Seller shall repair the wall after removal of said hardware. **None of the foregoing items are subject to a lease and title will convey with Property.** Seller shall provide to Buyer at closing at least one (1) door key to each separately keyed exterior door of dwelling and outbuilding(s).

**No items of personal property shall be transferred to the Buyer unless specifically itemized herein:**
Kitchen appliances to include stove and dishwasher to remain at no value
_____
Personal property and free-standing appliances that remain are of NO VALUE for appraisal and mortgage loan purposes unless otherwise noted.

**13. PROPERTY TAXES, HOMEOWNER'S ASSOCIATION FEES, AND ANY RENTS** being collected from existing tenants shall be prorated at time of closing. All leases and security/damage deposits shall be transferred to Buyer at closing, subject to the existing terms of such leases. Any Homeowner's Association transfer fees shall be paid by Buyer. Taxes are prorated based upon current information furnished by the Revenue Commissioner's office. **Buyer is solely responsible for determining any tax liabilities, consequences, and exemptions, including but not limited to a homestead exemption, related to Buyer's purchase of the Property.**

**14. LIENS FOR PUBLIC IMPROVEMENTS** shall be paid by the Seller without proration. Assessments for public improvements not yet a lien shall be assumed by the Buyer.

**15. TITLE INSURANCE POLICY AND CLOSING:** An owner's policy of title insurance in the amount of the purchase price will be furnished by the Seller, at Seller's cost, at closing. Buyer and Seller hereby authorize the Lender, the closing title company and/or their representatives to disclose and provide copies of the Settlement Statement and/or other closing disclosures to the Listing Company, Selling Company and/or Salespeople at the time these documents are provided to Buyer and Seller.

SELLER(S) INITIALS _A.L.m_____     BUYER(S) INITIALS | _HE_ 07/21/22 dotloop verified | _____

© 2019 Mobile Area Association of Realtors   091619

dotloop signature verification: dtlp.us/kAoT-Y68r-7C7j

**16. RISK OF LOSS** by fire or other casualty shall be on the Seller until title is conveyed. Seller agrees to keep in force sufficient hazard insurance on the Property, including but not limited to damages occurring while Seller is moving from the Property, until this sale is closed. If the Property is destroyed or materially damaged prior to title being conveyed, and Seller is unable to restore it to its previous condition prior to closing, Buyer shall have the option of (a) canceling this contract and receiving the earnest money or (b) accepting the Property in its damaged condition with any insurance proceeds payable to Seller by reason of said damage being applied to the purchase price or being paid to Buyer after closing.

**17. THE PURCHASE PRICE AND TERMS OF THIS SALE MAY BE DISCLOSED** after closing to the members and affiliate members of the Mobile Area Association of REALTORS, Inc., the GULF COAST MLS, INC., or other applicable MLS, for use in the ordinary conduct of their business.

**18. OBLIGATION FOR FEES AND EXPENSES:** Buyer and Seller acknowledge that in the event this Agreement is cancelled or said transaction does not close for any reason, fees or expenses paid in advance may be non-refundable. The Buyer and Seller shall be responsible to pay for all products or services that are ordered on their behalf from any outside sources. Said products or services include but are not limited to professional inspections, pest inspections, surveys, title reports and/or deed preparation. Earnest money is not a fee or expense.

**19. OTHER OFFERS WHILE BUYER'S OFFER IS PENDING:** Buyer hereby acknowledges that offers other than Buyer's offer may have been made or may be made before Seller acts on or while Seller is considering Buyer's offer or counteroffer. While the Buyer's offer or counteroffer is pending, and before the agreement becomes effective, Seller hereby expressly reserves the right to reject Buyer's offer or counteroffer or to withdraw any offer previously made by Seller to Buyer relating to the Property, and to accept any other offer.

**20. ADDENDUMS** indicated are included as part of this agreement:
- ☑ Lead-Base Paint
- ☐ Condominium Addendum
- ☐ Other(s) _____

**21. THIS OFFER SHALL REMAIN OPEN UNTIL** 07/23/2022 _____ , at ~~12~~ 7 ___ ☐am ☑pm. If Seller does not accept this offer in writing and deliver the written acceptance by said date and time, the offer shall be void.

**22.** Other provisions: Buyer to submit pre-approval letter by 07/24/2022 _____

_____
_____
_____
_____
_____
_____
_____
_____

**23. LISTING COMPANY, SELLING COMPANY AND/OR SALESPEOPLE ARE NOT PARTIES TO THIS AGREEMENT AND ARE NOT TO BE HELD LIABLE FOR ANY CONDITIONS OR NON-PERFORMANCE OF THIS AGREEMENT.**

**24.** Buyer is responsible for obtaining, investigating and evaluating any and all information that is material to Buyer's purchase of the Property. Buyer further acknowledges that the Listing Company, Selling Company and/or salespeople:

**(A)** Are not responsible for obtaining, investigating and evaluating any and all information that is material to Buyer's purchase of the Property;

**(B)** Do not warrant any condition of the Property, including but not limited to heating and cooling equipment, including window units, plumbing and electrical systems, any appliances and/or any other equipment and systems;

**(C)** Did not give any legal and/or tax advice;

**(D)** Are not responsible for detecting any type of problems, damage or defect of the Property including but not limited to any equipment, systems, and appliances;

**(E)** If present for any inspection, including but not limited to any professional inspections, wood infestation inspection, final walk through inspection, it was as a courtesy only and not to detect any problems or defects;

SELLER(S) INITIALS _A L M_          BUYER(S) INITIALS _HE_ 07/21/22

dotloop signature verification: dtlp.us/kAoT-Yb8r-7C7j

(F)     Do not warrant, guarantee or endorse any lender, professional inspector, contractor and/or termite company and are not responsible for any problem, damage and/or defect that was not detected;

(G)     Are not responsible for any repairs, replacements and/or improvements to the Property and

(H)     Do not warrant or guarantee the completeness or accuracy of any information provided in relation to this Agreement.

**25. THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT UPON WRITTEN ACCEPTANCE. If you do not understand the legal effect of any part of this document, seek legal and/or tax advice BEFORE SIGNING. Buyer acknowledges that Buyer has READ this ENTIRE AGREEMENT, INCLUDING ADDENDUMS, and received copies thereof.**

Buyer X _Haydon Eiland_    [dotloop verified 07/21/22 9:21 PM CDT UNC1-5DRH-POXI-KLDV]    Print Name Haydon Eiland _____ Date Signed _____ ☐am ☐pm

Buyer X _____    Print Name _____ Date Signed _____ ☐am ☐pm

Buyer's Address 1508 Phillips Lane  Mobile, AL 36618 _____

Selling Licensee Teresa Erdmann _____ Mobile Phone: 251-751-7400 _____ License # 000144518 ____ Office License # 000139314

---

**SELLER'S ACCEPTANCE OF OFFER**                     Date: _____ , at _____ ☐am ☐pm

**26.** The above offer is hereby    ☐Accepted as Written    ☐Rejected without Counter
                                      ☐Countered/See Addendum #_____    ☒Countered as Follows:

Purchase Price: $160,000 _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

IN THE EVENT A COUNTEROFFER is made, it shall expire on _____ , at _____ ☐am ☐pm if the Buyer has not given prior written acceptance. THE SELLER ACKNOWLEDGES that Seller has read this entire agreement, including all addendums, if any, which are made part of this purchase agreement and has received copies thereof.

Seller X _Alma Louise Minchew_ Print Name _Alma Louise Minchew_ Date Signed 7/24/22 ☐am ☐pm

Seller X _____ Print Name _____ Date Signed _____ ☐am ☐pm

Listing Licensee _____ Mobile Phone: ; _____ License # _____ Office License # _____

---

**BUYER'S ACCEPTANCE OF COUNTEROFFER**              Date: _____ , at _____ ☐am ☐pm

**27.** The Seller's counteroffer as detailed above is    ☐Accepted as Written    ☐Rejected without Counter
                                                          ☐Countered/See Addendum #_____

Buyer X _Haydon Eiland_    [dotloop verified 07/24/22 2:30 PM CDT JAWY-5Z2N-CDE0-J703]    Name Haydon Eiland ____ Date Signed _____ ☐am ☐pm

Buyer X _____    Print Name _____ Date Signed _____ ☐am ☐pm

**SELLER(S) INITIALS** _ALM_          **BUYER(S) INITIALS** _HE_ [07/21/22 dotloop verified]



**iXL REAL ESTATE®**

## VERY IMPORTANT DOCUMENT-PLEASE READ CAREFULLY

## SELLER'S DISCLOSURE STATEMENT

This Disclosure Statement has been completed by the Seller and not the Realtor. It is hereby attached and made a part of the Sales Authority
DATED: _7-24-22_ regarding the Property LOCATED at: _10164 Jim Tom Circle South Wilmer AL 36587_

A. ARE YOU (SELLER) AWARE OF ANY PROBLEMS (PAST, PRESENT OR POTENTIAL) WITH YOUR PROPERTY OR ANY COMPONENT, APPLIANCE, EQUIPMENT, SYSTEM, ETC. ☐YES ☒NO  If yes, check appropriate space(s) below.

☐ A/C & Heating System      ☐ Driveways           ☐ Included Appliances, built-in or otherwise   ☐ Roof(s)
☐ Attic                     ☐ Electrical System   ☐ Intercom                                     ☐ Slab(s)
☐ Basement                  ☐ Exterior Walls      ☐ Interior Walls                               ☐ Sprinkler System
☐ Burglar Alarm/Fire Alarm  ☐ Fireplace           ☐ Insulation                                   ☐ Walls/Fences
☐ Chimney                   ☐ Floors              ☐ Plumbing/Sewer/Septic/Well                   ☐ Windows
☐ Doorbell                  ☐ Foundation          ☐ Pool/pool light/pump/liner/apron             ☐ Other

**If any of the above is checked, please explain. (Attach additional sheets if necessary)**

B. **PLEASE ANSWER ALL OF THE FOLLOWING QUESTIONS REGARDING YOUR PROPERTY:**
1. Does the property or any of its components and/or systems violate any building codes? YES☐ NO☒
2. Were any room additions, structural modifications, or other alterations, or repairs made without necessary permits? YES☐ NO☒
   Is there any living area that is not heated or cooled? YES☐ NO☒
   If yes to either of these questions, please explain:
   Is there finished wood flooring under carpet? YES☐ NO☒  If so, which rooms? _____
3. Has there been settling from any cause, structural cracks in slab or foundation, slippage, underground springs, or other soil or structural problems? YES☐ NO☒
4. Has there been infestation or damage from wood infesting insects, (termites, beetles, ect.) or fungus (old, new, repaired or otherwise)?
   YES☐ NO☒ Explain:
5. Has there been damage from fire, smoke, flooding, wind, water or other cause (old, new, repaired or otherwise)? YES☐ NO☒
   Explain:
6. Has there ever been mold? YES☐ NO☒  If so, where? _____ What, if anything was
   done to treat?
7. Do you have a termite contract? (not pest control) YES☐ NO☒  Is it for retreatment or replacement? _____
   What is the termite contract expiration date? _____ Name of Termite Company _____
   Do you have a Formosan rider? YES☐ NO☒
8. Has the property ever been tested for radon gas? YES☐ NO☒
   Does the property contain lead based paint, urea formaldehyde foam insulation, or any asbestos materials? YES☐ NO☐ _Dont know_
9. Are fireplaces/chimneys working? YES☐ NO☒  Have fireplaces/chimneys ever been inspected? YES☐ NO☒  If yes, when?
   Cleaned? YES☐ NO☒  When? _____ Are gas logs working? YES☐ NO☒
10. Are any appliances, alarm systems/services or exterior lighting leased or rented? YES☐ NO☒  If yes, state which system and
    the name of lessor.
11. Air condition: Number of units _1_  Gas or Electric _elec_  Approx. Age _6 yrs_
12. Heat: Number of units _____  Gas or Electric _____ Approx. Age _____
13. Is there a landfill (compacted or otherwise) anywhere on the property? YES☐ NO☒
14. Has there ever been drainage problems, grading problems, or standing water problems? YES☐ NO☒
    Has the property or dwelling ever flooded? YES☐ NO☒
15. Is property in flood zone that may require flood insurance? YES☐ NO☒
16. Is the property connected to a septic tank? YES☒ NO☐  When was septic tank last inspected? _2017_
    Is property connected to city sewers? YES☐ NO☒  If "NO", is city sewer available? YES☐ NO☒
17. Is property connected to city water? YES☒ NO☐  Is it on well water? YES☐ NO☒
18. Are there any type of fees or assessments (sewer, paving, water connection, Homeowner's Association, etc.) due now or known by you to be
    due in the future? YES☐ NO☒
19. Is there a Homeowner's Association? YES☐ NO☒  Homeowner's Association Fees $_____ Condo Fee $_____
20. Are there any zoning violations, nonconforming uses, violations of "setback" lines or easements? YES☐ NO☒
    Is there a shared driveway, well or any other shared features? YES☐ NO☒
    Are there deed restrictions, easements or restrictive covenants? YES☐ NO☒
21. Does anything on your property encroach (extend on to) your neighbor's property? YES☐ NO☒
22. Does anything on your neighbor's property encroach (extend on to) your property? YES☐ NO☒
23. Are there any zoning variances, traffic routing or street widening (existing or proposed) near to or affecting your property or any
    adjacent property? YES☐ NO☒  Are there any Historical District restrictions affecting your property? YES☐ NO☒
24. Are there any actions, causes of actions, lawsuits, liens or judgments, right of redemption, foreclosure, past present or potential, concerning the
    property or bankruptcy proceedings against the Seller concerning the property? YES☐ NO☒
25. Is there any condition, factor or stigma that affects this property in any way? YES☐ NO☒
    Have you received any notification under the Community Notification Act (Megan's Law)? YES☐ NO☒
26. What is the amount of your yearly taxes on your property? $_0_  Is homestead claimed for the current year? YES☒ NO☐

Explanations for responses to 1-26 above. (Attach additional sheets if necessary)

The above information does not constitute a warranty of any items mentioned. THIS IS NOT A CONTRACT. Any concerns regarding the above information should be specifically addressed in a separate contract for purchase of the property. Seller acknowledges this information will be provided to any interested party and certifies that the information herein is true and correct to the best of Seller's knowledge as of the date signed by the Seller. Seller acknowledges that he has read this entire document and received a copy.

Seller _Alma Louise Mussles_
Seller

Buyer _Haydon Eiland_
Buyer

dotloop verified
07/24/22 2:30 PM CDT
0SYN-CPPC-ASMV-REID

Rev. 05/06